John Meyer, MT Bar #11206
P.O. Box 412
Bozeman, MT 59771
Ph: (406) 546-0149
John@cottonwoodlaw.org

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| JOHN MEYER, | Case No. |
| Plaintiff, | |
| vs. | |
| | COMPLAINT AND JURY DEMAND |
| CROWLEY FLECK PLLP LAW FIRM; BIG SKY RESORT | |
| Defendants. | |

## I. INTRODUCTION

1. On December 15, 2017, Plaintiff John Meyer filed a lawsuit in state court against Defendant Big Sky Resort in regards to a ski accident that occurred at the resort on December 11, 2015.

2. The case was removed to federal court. *Meyer v. Big Sky*, 2:18-cv—0002-BMM.

3. Before filing the lawsuit Meyer received an email from a volunteer ski patroller at Big Sky Resort that states the ski patrol runs out of signs to mark areas.

4. Defendants answered Meyer's lawsuit by filing a counterclaim that he is abusing the legal system by bringing the lawsuit.

5. On April 14, 2018, Meyer reached out to Ian McIntosh, an attorney with Crowley Fleck, and asked if Defendant Big Sky Resort was open to settling the lawsuit.

6. McIntosh responded that the Defendant would settle the case if Meyer dropped his lawsuit and paid the Defendant Big Sky Resort's attorney fees and costs for the counterclaim.

7. Meyer provided McIntosh with the email from the volunteer ski patroller, told McIntosh that he believed the Defendant's counterclaim was "frivolous" in light of the email, and stated he would still be willing to

consider an offer of settlement if the Defendants dropped the abuse of process counterclaim.

8. Defendant Big Sky refused to drop the counterclaim and instead moved for judgment on the pleadings of Big Sky Resort's Abuse of Process counterclaim on June 28, 2018.

9. The Montana Supreme Court has held that pressing valid legal claims to their regular conclusion, even with an ulterior motive, does not constitute abuse of process. *Brault v. Smith*, 209 Mont. 21, 29; 679 P.2d 236, 240 (Mont. 1984).

10. The Defendants have acknowledged that Meyer's legal claims are not frivolous and the valid claims can move forward. *See Meyer v. Big Sky*, 2:18-cv-0002- BMM, Dkt. 30 at 8 n. 2.

11. Meyer agreed to extend the deadline for Defendants to answer his first discovery request until August 13th, 2018.

12. As of August 16th, 2018, Meyer has still not received an answer to the discovery request. Meyer sent two emails asking about the status of the request. Defendants would not answer, but did state that they were opposed to Meyer's Motion for Judgment on the Pleadings of Big Sky's Counterclaim for Abuse of Process.

13. Defendants knew that Meyer was pressing valid legal claims but continued to pursue their abuse of process counterclaim against him.

14. Defendants suggested Meyer drop his meritorious lawsuit and when he would not they repeatedly tried to set up a deposition before his wedding, once during his bachelor party.

15. Defendants' ulterior purpose in filing their abuse of process counterclaim was to get Meyer to drop his meritorious lawsuit.

16. The Defendants continued to press their abuse of process counterclaim when Meyer would not drop his meritorious lawsuit.

## PARTIES AND VENUE

17. Plaintiff John Meyer is an attorney licensed to practice law in Montana and resides in Gallatin County, Montana.

18. Defendant Big Sky Resort is a Michigan LLC.

19. Defendant Crowley Fleck PLLP Law Firm represents Defendant Big Sky Resort in *Meyer v. Big Sky Resort*, 2:18-cv—00002-BMM.

20. This Court has ancillary jurisdiction pursuant to 28 U.S.C. § 1367.

## **CLAIMS FOR RELIEF**

### **ABUSE OF PROCESS**

21. Plaintiff incorporates by reference the preceding paragraphs.

22. On May 25, 2018, Plaintiff sent Ian McIntosh of Defendant Crowley Fleck the email from the ski patroller that states the patrol runs out of signs to mark terrain. Plaintiff told Defendant's counsel that he believed the abuse of process counterclaim was frivolous.

23. Defendants refused to drop the counterclaim and refused to make a counter offer that did not require Plaintiff to pay Defendant Big Sky Resort's attorney fees and costs.

24. On June 28, 2018, Defendant Big Sky Resort moved for judgment on the pleadings of its abuse of process counterclaim.

25. Defendant Big Sky Resort and Crowley Fleck PLLP Law Firm knew or should have known that under well-established precedent no abuse of process claim should be pursued based on the filing of a valid legal claim, regardless of whether Meyer had an ulterior motive.

26. Defendants continued to push for judgment on the pleadings even though Meyer had provided them with thousands of pages of responsive documents to their first discovery request.

27. Defendant Big Sky Resort and Crowley Fleck PLLP Law Firm are

abusing the legal process by filing an abuse of process counterclaim against Meyer in an effort to prevent him from pursuing valid legal claims against Defendant Big Sky Resort.

**NEGLIGENT AND INTENTIONAL INFLICITION OF EMOTIONAL DISTRESS**

28. Plaintiff incorporates by reference the preceding paragraphs.

29. Meyer has suffered severe emotional distress as a result of Defendant's abuse of process counter claim.

30. Defendants continue to press forward with their abuse of process counterclaim after knowing that Meyer is pressing valid legal claims.

31. The severe emotional distress being suffered by Meyer is the reasonably foreseeable consequence of Defendant's continuance with the abuse of process counterclaim.

32. Defendants' actions of continuing to advance the abuse of process counterclaim negligently inflicted emotional distress on Meyer.

33. Defendants intentionally inflicted emotional distress on Meyer by advancing their abuse of process counterclaim after knowing that Meyer was pressing valid legal claims.

## DAMAGES

34. Plaintiff incorporates by reference the preceding paragraphs.

5

35. Meyer has experienced extreme physical, mental, and emotional distress as a result of Defendants' abuse of process lawsuit.

36. Plaintiff has experienced severe sleep deprivation, insomnia, and paranoia due to Defendants' abuse of process counterclaim.

37. Plaintiff has begun seeing a psychologist, who has expressed concerns that Meyer may suffer a nervous breakdown because of anxiety.

38. Defendants' abuse of process counterclaim has necessitated conversations ranging from delaying or foregoing his planned wedding to bankruptcy to suicide.

**WHEREFORE**, Plaintiff respectfully prays that the Court enter judgment against Defendants as follows:

a. For compensatory damages in the amount of $5 million, as Meyer shall prove himself entitled at the trial of this case;

b. For punitive damages, in the amount of $10 million or 3% of Defendants' net worth, as Meyer shall prove himself entitled at the trial of this case;

c. For such other and further relief as the Court deems just and equitable under the circumstances.

DATED this 16th day of August, 2018.

/s/John Meyer
JOHN MEYER

P.O. Box 412
Bozeman, MT 59771
(406) 546-0149
John@cottonwoodlaw.org

7