# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# BUTTE DIVISION

| | |
|---|---|
| JOHN MEYER, <br><br> Plaintiff, <br><br> v. <br><br> BIG SKY RESORT, <br><br> Defendant. | **CV-18-53-BU-BMM** <br><br><br> **ORDER** |

Defendant Big Sky Resort ("Big Sky") filed a motion on September 21, 2018, to dismiss Plaintiff John Meyer's ("Meyer") Amended Complaint. (Doc. 7). Big Sky seeks dismissal with prejudice pursuant to Fed. R. Civ. P. 12(b)(6), or in the alternative, for dismissal pursuant to Fed. R. Civ. P. 13(a). (Doc. 7). Meyer, an attorney, proceeds pro se.

Meyer's deadline to respond to Big Sky's Motion to Dismiss Amended Complaint expired on October 12, 2018. *See* L.R. 7.1(d)(1)(B)(i). Meyer failed to file any responsive brief within the deadline. Meyer has not sought an extension of time to respond to Big Sky's Motion to Dismiss Amended Complaint.

The Court held a hearing on various motions on October 10, 2018. (Doc. 10). At the hearing, Meyer conceded that the claims alleged in this action should

1

have been filed in *Meyer v. Big Sky Resort*, CV-18-2-BU-BMM, rather than in a separate action. *See Pochiro v. Prudential Ins. Co. of Am.*, 827 F.2d 1246, 1249 (9th Cir. 1987).

Before dismissal for failure to respond timely to a motion to dismiss, the Court must consider the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition on the merits; and (5) the availability of less drastic sanctions. *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995). Even "pro se litigants are bound by the rules of procedure," and failure to follow the rules is proper grounds for dismissal. *Id.* at 54.

Here the factors weigh in favor of dismissal. Meyer has conceded that he improperly filed these claims in a separate action. *See Pochiro*, 827 F.2d at 1249. Meyer also has failed to prosecute this action in accordance with deadlines imposed by the Federal Rules of Civil Procedure or comply with the local Rules. For all the reasons explained in Big Sky's Brief in Support of Motion to Dismiss Amended Complaint (Doc. 8), the Court finds that Meyer's Amended Complaint fails to state any plausible claim for relief. Dismissal is proper under these circumstances.

//

//

# **ORDER**

Accordingly, it is ORDERED that Big Sky's Motion to Dismiss Amended Complaint (Doc. 7) is GRANTED. The Clerk shall enter judgement in favor of Defendant Big Sky Resort.

DATED this 27th day of November, 2018.

_____
Brian Morris
United States District Court Judge